### McCULLOUGH et al. v. JANNSON.

(Circuit Court of Appeals, Ninth Circuit. September 4, 1923. Rehearing Denied October 22, 1923.)

No. 4002.

**1. Courts ⬅273—Jurisdiction of action for damages for personal injury to seamen stated.**

Under Merchant Marine Act June 5, 1920, § 33, providing that any seaman who shall suffer personal injury in course of his employment may maintain an action at law for damages in the court of the district "in which the defendant employer resides or in which his principal office is located," where the employer is a partnership, the action may be brought in a district in which one of the partners resides.

**2. Commerce ⬅80—Seamen ⬅4—Provision of Merchant Marine Act giving remedy to injured seamen held constitutional.**

Merchant Marine Act June 5, 1920, § 33, giving a legal remedy to injured seamen, is limited in application to navigable waters of the United States, and is not unconstitutional as an attempted interference with intrastate commerce over waters of a state.

In Error to the District Court of the United States for the District of Oregon; Frank S. Dietrich, Judge.

Action at law by Olaf Anton Jannson against A. R. McCullough and H. J. Fagan, partners doing business as the McCullough-Fagan Lumber Company. Judgment for plaintiff, and defendants bring error. Affirmed.

J. Hampton Hoge, of San Francisco, Cal., and Platt, Platt, Montgomery & Fales, of Portland, Or., for plaintiffs in error.

William P. Lord and W. S. U'Ren, both of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. In various ways the plaintiff in error lumber company made the point in the court below, and here assigns as error its adverse ruling, that the District Court for the District of

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Oregon was without jurisdiction of the action, which was one for the recovery of damages for injuries sustained by the plaintiff in the action on board of the steamship Egeria as a seaman in the employ of the Fagan Lumber Company, charterer of the vessel, at the port of Aberdeen, Gray's Harbor, state of Washington, while taking on board a cargo of lumber for the port of San Pedro, Cal.

[1] The action was brought in the court below under and by virtue of that section of the Act of Congress of June 5, 1920, known as the Jones Shipping Act (41 Stat. 1007, § 33), amending section 20 of its preceding Act of March 4, 1915. As so amended the section is as follows:

"Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

As will be seen, the provision of the statute is that jurisdiction of such actions shall be in the court of the district in which the "defendant employer resides or in which his principal office is located," and in a court of law—not in one of admiralty. Of course, the action could have been brought in the Northern district of California, as the principal office of the company is located at San Francisco; but it is just as plain that, according to the express language of the statute, the plaintiff was authorized to bring it in the district in which either Fagan or McCullough, who constituted the employer, resided. That was done, and we think there is no room for doubt as to the jurisdiction of the court below. Being an action at law, with the right to a trial with a jury, we think it clear that it was governed by the principles of the common law, and not by those of admiralty. As Congress has the paramount power to fix and determine even the admiralty law which shall prevail throughout this country (Southern Pacific Co. v. Jensen, 244 U. S. 205, 215, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917C, 900), it would seem to result, necessarily, that Congress was authorized to provide, as it did, by its act here in question, that a seaman who suffers personal injury in the course of his employment, instead of seeking relief in a court of admiralty, where, of course, he would be governed by the admiralty law, may, if he prefers, sue for damages at law in the appropriate United States court and there have the right of trial by jury, to which action, by virtue of section 20 above quoted, apply all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees.

[2] Admiralty jurisdiction, conferred by any law of the United States, is necessarily limited to the navigable waters of the United States, as distinguished from such waters of a state (Perry v. Haines,

191 U. S. 17, 26, 24 Sup. Ct. 8, 48 L. Ed. 73; The Daniel Ball v. United States, 10 Wall. 557, 565, 19 L. Ed. 999); and therefore the contention of the plaintiff in error that section 20 of the United States Shipping Act is unconstitutional and void, as an attempted interference with intrastate commerce over navigable waters of the state, is without any merit.

The judgment is affirmed.